# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KEVIN GENE SCHIMEROWSKI, Defendant. | No. CR 13-4038-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION/CLARIFICATION** |

_____

In an Opinion And Order, filed July 20, 2018, I denied defendant Schimerowski's June 14, 2018, *pro se* Motion For "Rehearing For Modification Of Sentencing Pursuant To 18 U.S.C. § 3582(c)(2), Amendment 782, And Agreement Under Rule 11(c)(1)(C)." I did so on the ground that, while the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), meant that Schimerowski's Rule 11(c)(1)(C) plea agreement was no longer necessarily a bar to a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), I would have imposed the same 144-month sentence, even if Schimerowski had been subject to the lower Guidelines range under Amendment 782. In these circumstances, I explained, I was exercising my discretion to deny Schimerowski relief under § 3582(c)(2). *Hughes*, 138 S. Ct. at 1778.

This case is before me on Schimerowski's August 2, 2018, *pro se* Motion For Reconsideration/Clarification of my July 20, 2018, Opinion And Order. Specifically, Schimerowski's concerns are the following:

> In light of multiple statements from the Court suggesting that the only thing preventing a reduction of sentence was the unavailability of relief under 8th Circuit precedent, it is confusing to now read that the Court never would have given relief at all. This is especially hard to

> square with the fact that the Court originally brought up the matter on its own motion. It does not make sense that the Court would sua sponte raise this if it had no intention of giving relief, which by its own admission, is now available.
>
> Since the Court discusses the number of motions filed, it makes it seem like the petitioner is being denied because Schimerowski annoyed the Court. While the Court's aggravation with addressing the same matter over and over may be understandable, this is a concerning basis to issue a denial upon. Like every defendant or inmate, Schimerowski is entitled to a correct application of the law, and he should not be denied relief where it is available just because he previously filed when it was not. This carries extra weight where *Hughes* was not a new rule of law, but merely a clarification. This is how § 3582 was always meant to work; Schimerowski's position was correct all along.
>
> Therefore, this Honorable Court is asked to clarify this change in its position, and to confirm relief is not being denied, even in part, on this basis. If it is, this Court is respectfully requested to reconsider this illegitimate reason, and to provide the relief it had previously stated it would grant if it was only allowed.

Defendant's Motion For Reconsideration/Clarification, 1-2.

Schimerowski's concerns are understandable from his perspective and deserve a serious response—even though I find them misplaced.

First, by initially considering, on the court's own motion, whether Schimerowski was entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines, I took no position on whether or not Schimerowski was *entitled* to such a reduction. Rather, this court routinely considers, on its own motion, whether amendments to the United States Sentencing Guidelines should provide relief for defendants who *might be* affected by those amendments. This procedure is to ensure that all defendants who *might be* affected by

the amendments, even those who are unaware of the amendments or the possible effect of the amendments on their sentences, receive fair consideration of whether the amendments apply to them and require reductions. In Schimerowski's case—and in the cases of some other defendants—a reduction was barred by the Eighth Circuit precedent holding that, where the parties had entered into an agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure involving an agreed upon sentence, rather than a sentencing range, § 3582(c)(2) did not apply. *See, e.g., United States v. Williams*, 598 F.3d 963, 965 (8th Cir. 2010). That determination in Schimerowski's case did not, and was never meant to, indicate that Schimerowski might be entitled to a reduction, if his plea agreement did not stand as a bar—I simply never reached that issue.

Thereafter, I denied two of Schimerowski's motions raising precisely the same ground for a reduction for precisely the same reason: Eighth Circuit precedent held that relief pursuant to § 3582(c)(2) was not available where the defendant was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. I denied Shimerowski's third motion, which sought counsel to help him seek such a reduction, on the grounds that (1) there is no right to assistance of counsel when seeking relief pursuant to 18 U.S.C. § 3582(c)(2), *see United States v. Tollefson*, 853 F.3d 481, 485 (8th Cir. 2017); *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009), and (2) I did not believe that justice would be served by appointing counsel to represent Schimerowski in another attempt to bring a motion for reduction in his sentence pursuant to § 3582(c)(2) and Amendment 782, where such a reduction had already been denied three times by this court and the Eighth Circuit Court of Appeals. Again, none of these rulings ever stated or was meant to suggest that Schimerowski might be entitled to a reduction, if his plea agreement did not stand as a bar, because I simply never reached that issue.

When Schimerowski sought a reduction, once again, after the Supreme Court's decision in *Hughes*, the Supreme Court had lifted the bar set by Eighth Circuit precedent on § 3582(c)(2) relief for defendants who were sentenced pursuant to Rule 11(c)(1)(C)

plea agreements. Thus, my ruling on that request for a reduction was my first opportunity to reach the merits of Schimerowski's request. On the first look at the merits, however, I concluded that Schimerowski was not entitled to relief, because I would have imposed the same 144-month sentence, even if Schimerowski had been subject to the lower Guidelines range, in light of his criminal history, offense conduct, personal characteristics, and other 18 U.S.C. § 3553(a) factors, as set out in the Amended Final Presentence Investigation Report. *Hughes*, 138 S. Ct. at 1778. Although that decision was a matter in my discretion, *id.*, I exercised that discretion on the basis of legitimate and appropriate factors, as indicated.

None of my denials of a reduction for Schimerowski had anything to do with annoyance with his repeated requests for such relief. Rather, each denial was based on controlling law and, where I had discretion, the exercise of that discretion on the basis of legitimate and appropriate factors. Again, in no prior decision did I ever state or suggest that Schimerowski would be entitled to a reduction pursuant to § 3582(c)(2) if he had not been barred by his Rule 11(c)(1)(C) plea agreement.

THEREFORE, to the extent that Schimerowski seeks relief beyond the clarification provided, above, his August 2, 2018, *pro se* Motion For Reconsideration/Clarification (docket no. 88) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 6th day of August, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA